# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**BRIAN CROSSLEY,**

    **Plaintiff,**

**v.**                                     **Case No: 5:14-cv-636-Oc-30PRL**

**ARMSTRONG HOMES, INC., A-PLUS HOMES, INC., EXPERT AMERICAN HOMES, LLC, EXPERT AMERICAN HOME SERVICES, LLC and SCOTT W. ARMSTRONG**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 2). Plaintiff represents that he is unable to pay the fees and costs of pursuing this action and therefore requests that the Court authorize him to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915, the Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." There is no monetary threshold or strict guideline for determining indigency. Rather, an affidavit supports a finding of indigency if it shows that "the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1307 (11th Cir. 2004).

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Here, based on the information disclosed in Plaintiff's Application to Proceed Without Prepaying Fees or Costs, it appears that Plaintiff is able to pay the $400 filing fee "and to support and provide necessities for himself and his" spouse.[2]  *See id.*  Plaintiff states that he receives a monthly worker's compensation payment of $1,952, and his spouse receives $640 in monthly income.  (Doc. 2).  Thus, the monthly income of Plaintiff and his spouse is $2,592.  *See Trimble v. Volz*, 2008 WL 4490181, at *3 (M.D. Fla. Sept. 30, 2008) (explaining that a court can consider the plaintiff's spouse's income in ruling on a motion to proceed *in forma pauperis*). Plaintiff and his spouse have a total of $2,284 in monthly obligations.

In light of the fact that Plaintiff's monthly income exceeds his monthly obligations, he has not met his burden of showing that he does not have the money to pay the $400 filing fee associated with pursuing this action.  *See Irvin v. Mister Car Wash*, 2008 WL 5412217, at *2 (M.D. Fla. Dec. 29, 2008) (denying a motion to proceed *in forma pauperis* where the plaintiff's monthly income exceeded his monthly obligations); *Brown v. Ross*, 2007 WL 4206810, at *1 (M.D. Fla. Nov. 27, 2007) (same).

Based on these findings, the Court previously entered an Order deferring ruling on the Motion and giving Plaintiff until December 2, 2014, to file an amended sworn affidavit clarifying the status of his overall financial condition and why he is unable to pay the $400 filing fee.  (Doc. 5).  Plaintiff failed to file an amended affidavit of indigency, seek an extension for doing so, or pay the filing fee.

---

[2] The Court notes that Plaintiff filed an identical affidavit in the instant case as he did a year ago in the recently dismissed case, *Crossley v. Armstrong Homes, Inc.,* No. 5:14-cv-117-ACC-PRL.  In the prior action, the Court denied Plaintiff's motion to proceed *in forma pauperis* on the same grounds that support denial of the motion here.

Accordingly, upon due consideration, the Court recommends that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be **DENIED**.

Recommended in Ocala, Florida on December 4, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy