UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRIAN CROSSLEY,

    Plaintiff,

v.                                                                       Case No: 5:14-cv-636-Oc-30PRL

ARMSTRONG HOMES, INC., et al.,[1]

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants A-Plus Homes, Inc., Expert American Homes, LLC, and Expert American Home Services, LLC's Motion to Dismiss (Doc. 21) and Plaintiff's response in opposition thereto (Doc. 23).[2] The Court, having reviewed the motion, response, and applicable pleadings, and being otherwise fully advised in the premises, concludes that the motion should be granted in part.

## BACKGROUND

Plaintiff was employed as a salesman for Defendants from March 2011 through November 2012, working out of the Armstrong Homes, Inc. corporate office in Ocala,

---

[1] The Court notes that Defendant Scott Armstrong has not yet been served with the complaint, and that Plaintiff obtained an extension until May 8, 2015, to effectuate service on Scott Armstrong. (Doc. 18).

[2] Counsel for Defendants A-Plus Homes, Inc., Expert American Homes, LLC, and Expert American Homes Services, LLC, avers that Armstrong Homes, Inc. and Expert American Homes Services, LLC never employed Plaintiff, and, in fact, Armstrong Homes, Inc. was dissolved in 2006, prior to Plaintiff's alleged dates of employment with Defendants. Therefore, Defendants argue that Armstrong Homes, Inc. and Expert American Homes Services, LLC are incorrectly named as defendants in this action. (Doc. 21 at 1, 3). Plaintiff does not contest Defendants' assertion that these parties are incorrectly named as defendants.

Florida. (Doc. 1 at 4). According to Plaintiff, Defendants Expert American Homes Services, LLC and A-Plus Homes, Inc. are divisions of Defendant Armstrong Homes, Inc. (*Id.* at 3). Defendant Scott Armstrong was an officer of Armstrong Homes, Inc. and was Plaintiff's direct supervisor. (*Id.*). Plaintiff does not explain the relationship between Expert American Homes, LLC and the other defendants. (*Id.* at 2).

While employed by Defendants, Plaintiff was paid $450.00 per week,[3] plus a sales commission of three percent. (*Id.* at 4). Plaintiff alleges that he regularly worked forty-five to fifty hours a week but was not compensated by Defendants for work performed in excess of forty hours. (*Id.*, Ex. C at ¶ 6). Because Plaintiff was not compensated for the excess hours worked, Plaintiff contends that he was not compensated at a rate equal to the minimum-wage standards set by Florida and federal law. (*Id.* at 5). Consequently, Plaintiff contends that Defendants owe him approximately $9,580.00 in unpaid wages. (*Id.*, Ex. B).

On November 13, 2014, Plaintiff initiated this action against Defendants alleging claims for violation of the minimum-wage compensation requirements as delineated under the Florida Minimum Wage Act ("FMWA"), Fla. Stat, § 448.110, and the Fair Labor Standards Act ("FLSA") (Counts I and II, respectively). Plaintiff also alleges a claim for unpaid overtime wages under the FLSA (Count III). Plaintiff contends that Defendants committed these violations "willfully."

---

[3]Plaintiff states in his affidavit that from October 2012 until his termination, his salary increased to $500 per week. (Doc. 1, Ex. C at ¶ 7).

## DISCUSSION

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### II. Analysis

Defendants argue that Plaintiff's complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted. (Doc. 21). Defendants argue that Plaintiff has failed to satisfy the requirements of *Ashcroft* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Namely, Defendants argue that (1) Plaintiff failed to establish a joint-employment relationship among Defendants, (2) Plaintiff failed to allege sufficient facts showing FLSA coverage either individually or under an enterprise theory, (3) Plaintiff's claims are barred by the two-year FLSA statute of limitations and Plaintiff has failed to demonstrate that the three-year FLSA limitation period applies, and (4) Plaintiff has failed to allege facts that if taken as true would state a cause of action. (*Id.*).

**1. Whether Plaintiff has established a joint-employment relationship among Defendants such that Defendants are subject to liability under the FLSA and the FMWA.**

First, Defendants argue that Plaintiff has failed to allege who precisely employed him because he has not established a joint-employment relationship among Defendants, particularly as to Expert American Homes, LLC and Expert American Home Services, LLC. (*Id.* at 3). Defendants also allege that Plaintiff could not have been employed by Armstrong Homes, Inc. because it was dissolved prior to Plaintiff's alleged dates of employment. (*Id.*).

To state a cause of action under the FLSA, an employee must first allege an employment relationship. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[4] 29 U.S.C. § 203(d). Whether an individual is considered an employee is determined using an "economic realities" test, which focuses on the "economic realities of the individual case" by looking to the "surrounding circumstances of the whole activity." *Beck v. Boce Grp., L.C.*, 391 F. Supp. 2d 1183, 1186 (S.D. Fla. 2005).

Furthermore, an employee may be jointly employed by several employers, who are all responsible for compliance with the FLSA. *See Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1175 (11th Cir. 2012) (citing 29 C.F.R. § 791.2(a)). Generally, a

---

[4]Section 24, Article X of the Florida Constitution provides that the term "employer" "shall have the meaning[] established under the Fair Labor Standards Act (FLSA) and its implementing regulations." Fla. Const. art. X, § 24(b). Accordingly, whether Defendants jointly employed Plaintiff under both the FLSA and the FMWA is determined by looking to law interpreting the FLSA.

4

joint-employment relationship will be found where (1) "an arrangement [exists] between the employers to share the employee's services"; (2) "one employer . . . act[s] directly or indirectly in the interest of the other employer (or employers) in relation to the employee"; or (3) "the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer." 29 C.F.R. § 791.2(b)(1)-(3).

Whether a joint-employment relationship exists is a fact-specific inquiry and must be determined on a case-by-case basis. In addition to the circumstances addressed above, the Eleventh Circuit has articulated eight factors a court should consider in determining whether a joint-employment relationship exists: (1) the nature and degree of the putative employer's control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the right, directly or indirectly, to hire, fire, or modify the workers' employment conditions; (4) the power to determine the workers' pay rates or methods of payment; (5) the preparation of payroll and payment of workers' wages; (6) the ownership of the facilities where the work occurred; (7) whether the worker performed a line job integral to the end product; and (8) the relative investment in equipment and facilities. *Layton*, 686 F.3d at 1176.

Plaintiff has failed to allege any facts from which it can be determined that Defendants jointly employed Plaintiff. For example, Plaintiff has not alleged that his services were shared amongst Defendants nor has he alleged that each Defendant supervised his work, determined his rate of pay, controlled the conditions of his

5

employment, or had the power to hire and fire him. Thus, Plaintiff has not stated a plausible claim under the FLSA or the FMWA.

Because Plaintiff has failed to allege sufficient facts from which it can be determined whether a joint-employment relationship existed among the Defendants, his claims under both the FLSA and the FMWA should be dismissed with leave to amend to correct this deficiency. Based upon Defendants' assertions, the Court also encourages Plaintiff to ensure that any amended complaint names the correct defendants.[5]

**2. Whether Plaintiff has established FLSA coverage.**

With regard to Plaintiff's FLSA claims, Defendants next contend that Plaintiff has failed to establish that Defendants are subject to the requirements of the FLSA, either individually or as an enterprise. (Doc. 21 at 5-6). A claim brought pursuant to the FLSA requires a nexus with interstate commerce that can be met either by individual coverage of the employee at issue or enterprise coverage of the employer. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006).

To establish individual coverage, Plaintiff must allege facts illustrating that he was engaged in commerce or engaged in the production of goods for commerce. *Id.* at 1266 (citing 29 U.S.C. § 207(a)(1)). Under the FLSA, "engaged in commerce" requires that the employee "be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*,

---

[5]The Court takes note of Defendants' allegations that Armstrong Homes, Inc. and Expert American Home Services, LLC are incorrectly named as defendants because they never employed Plaintiff. However, because the Court's analysis is confined to the four corners of the complaint, Plaintiff's allegations must be accepted as true.

6

transportation or communication industry employees, or (2) by regularly using the instrumentalities of interstate commerce in his [or her] work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Id.* (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

Plaintiff described his duties as including, inter alia, marketing home shows, loading customers, performing presentations, collecting money, making deposits, and running errands. (Doc. 1 at 4). Plaintiff also alleges that "at all times relevant to the complaint, [he] was engaged in commerce as defined by 29 U.S.C. § 203(b), 29 U.S.C. §§ 206(a) and 207(a)(1)." (*Id.*). Plaintiff's description of his duties does not establish that he was engaged in commerce or engaged in the production of goods for commerce and his allegation that he was "engaged in commerce" is merely conclusory. Plaintiff fails to provide facts explaining how his work was connected to interstate commerce. Accordingly, he has not established individual coverage under the FLSA.

Similarly, to establish enterprise coverage, Plaintiff must allege facts illustrating that Defendants have "employees engaged in commerce or in the production of goods for commerce, or . . . [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A)(i)-(ii); *see also Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010).

Plaintiff alleged that Defendants perform work in "residential home construction" and "home maintenance, remodeling and improvements, rental rehab and other home lawn services." (Doc. 1 at 2-3). The Court cannot determine from the bare-boned descriptions of Defendants' business purposes whether or not Defendants were engaged in interstate commerce during the relevant period. As with individual coverage, Plaintiff has failed to allege how Defendants' businesses are tied to interstate commerce. Therefore, these facts are insufficient to establish enterprise coverage.

Plaintiff further alleges that Defendants were "engaged in or impacting inter-state commerce as defined by 29 U.S.C. § 203(b), 29 U.S.C. §§ 206(a) and 207(a)(1)," with "gross revenue in excess of $500,000.00 as defined by 29 U.S.C. § 203." (Doc. 1 at 2-3). This allegation is nothing more than a legal conclusion and fails to sufficiently establish enterprise coverage under the FLSA. *See Perez v. Muhab, Inc.*, No. 10-62441-Civ., 2011 WL 845818, at *2 (S.D. Fla. Mar. 7, 2011) (concluding that the plaintiff's conclusory allegations regarding enterprise coverage were insufficient to state a claim for relief under the FLSA).

Because Plaintiff has not alleged any *facts* establishing either individual or enterprise coverage, his FLSA claims (Counts II and III) should be dismissed without prejudice with leave to amend. In amending, Plaintiff shall set forth the nature of Defendants' businesses and explain how the businesses and the duties he performed connect to interstate commerce. *See Ceant v. Aventura Limousine & Transp. Serv., Inc.*,

874 F. Supp. 2d 1373 (S.D. Fla. 2012) (setting forth the requirements to establish individual or enterprise coverage under the FLSA sufficient to survive a motion to dismiss).[6]

### 3. Whether Plaintiff's FLSA claims are barred by the statute of limitations.

Next, Defendants argue that Plaintiff's FLSA claims are barred by the FLSA's two-year statute of limitations, and that Plaintiff has plead insufficient facts regarding the "willfulness" of Defendants' conduct to bring his claims within the FLSA's three-year limitation period.[7] (Doc. 21 at 6-8, 14-15). Plaintiff responds that he has sufficiently alleged willfulness, such that the three-year limitation period should apply. (Doc. 23 at 2-3). Plaintiff further contends that even if the three-year limitation period did not apply, his claims are still within the two-year limitation period because his complaint was filed on November 14, 2014, and the last violation occurred in December 2012. (*Id.* at 4). Finally, Plaintiff alleges that the limitations period should be subject to tolling because he previously filed this action on February 20, 2014, and it was dismissed on procedural grounds. (*Id.*). The Court concludes that it need not determine whether Plaintiff's claims are subject to the two-year limitations period because Plaintiff has sufficiently alleged willfulness to pass muster on a motion to dismiss.

---

[6]To the extent Defendants argue that Plaintiff has not provided sufficient facts regarding the $500,000-gross-annual-revenue requirement for establishing enterprise coverage, nothing more is required at this stage of the proceedings. *See Ceant*, 874 F. Supp. 2d at 1378-79 (summarizing cases which have held that "bare bones allegations" of gross annual sales are all that is required to satisfy enterprise coverage at the initial pleading stage).

[7]Because Plaintiff's FMWA claim is subject to a four-year statute of limitations, five years if the conduct is willful, his FMWA claim appears to be well within the applicable statute of limitations and is not subject to dismissal on this ground. *See* Fla. Stat. § 95.11(2)(d), (3)(q).

A claim brought under the FLSA must be "commenced within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  *See* 29 U.S.C. § 255(a).  A violation of the FLSA is considered willful if "'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'"  *Reich v. Dep't of Conservation & Natural Res.*, 28 F.3d 1076, 1084 (11th Cir. 1994) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).  Dismissal on statute-of-limitations grounds is "'appropriate *only* if it is apparent from the face of the complaint that the claim is time-barred' and '*only* if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute."  *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005), *overruled on other grounds by Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010) (alteration in original)).

Whether Defendants' alleged violations of the FLSA were willful are factual inquiries better left to determination on summary judgment.  Therefore, Plaintiff's allegation that Defendants' conduct was willful is sufficient to withstand dismissal.  *See Gonzalez v. TZ Ins. Solutions, LLC*, No. 8:13-CV-2098-T-33EAJ, 2014 WL 103524, at *1 (M.D. Fla. Jan. 10, 2014) (concluding that allegations of "willful" conduct were sufficient to state a claim under the FLSA and protect Plaintiff from dismissal); *Puleo v. SMG Prop. Mgmt., Inc.*, No. 6:08-cv-Orl-22DAB, 2008 WL 3889727, at *1 (M.D. Fla. Aug. 20, 2008) (noting that the plaintiff's "allegation of willfulness is sufficient to satisfy federal pleading standards").  Because it is inappropriate to dismiss Plaintiff's claims on statute of

limitations grounds at this phase of the proceedings, Plaintiff's FLSA claims are not subject to dismissal on this basis.

**4. Whether Plaintiff has sufficiently pleaded damages under the FLSA and the FMWA.**

Next, Defendants contend that Plaintiff has failed to sufficiently plead damages because, taking Plaintiff's allegations as true, he fails to state a claim on which relief could be granted. (Doc. 21 at 8-11). Specifically, Defendants argue that Plaintiff was, at all times he was employed, compensated at a rate greater than the minimum wage as specified by Florida and Federal law. (*Id.*). Defendants also contend that, assuming Plaintiff was compensated at the minimum-wage rate, he was appropriately compensated for the hours he worked overtime. (*Id.* at 11, 13). The Court agrees that based upon the facts alleged in the complaint, Plaintiff has failed to state a claim for failure to pay the minimum wage under both the FLSA and the FMWA. However, the Court does not agree that Plaintiff has failed to state a claim for unpaid overtime wages.

Plaintiff alleges that he worked forty-five to fifty hours a week and received a salary of $450 per week, which was increased to $500 per week in October 2012. (Doc. 1, Ex. C). Construing the facts in the light most favorable to Plaintiff, Plaintiff was compensated, on average, at least $8.18 per hour,[8] which is higher than both the federal and Florida minimum-wage rates during the relevant time period. *See* 29 U.S.C. § 206(a)(1)(C) (setting

---

[8]To calculate Plaintiff's hourly rate, the Court took the facts in the light most favorable to Plaintiff, assuming Plaintiff worked fifty hours a week, received $450 per week, and was appropriately compensated for overtime hours worked: $40X + 10(1.5X) = \$450$, where X stands for the hourly rate of pay. Solving for X, the Court calculated Plaintiff's hourly rate to be $8.18. The Court also notes that this calculation does not include the three percent commission Plaintiff was paid in addition to his regular salary.

11

the federal minimum wage at $7.25 per hour beginning July 24, 2009, until present); Florida Department of Economic Opportunity, *Florida Minimum Wage History 2000 to 2014*, http://www.floridajobs.org/minimumwage/FloridaMinimumWageHistory2000-2014.pdf (last visited May 7, 2015) (reporting the Florida minimum wage rates during Plaintiff's employment with Defendants as $7.25, $7.31, and $7.67). To the extent Plaintiff's claims for minimum wage violations can be interpreted as alleging that he was not paid minimum wage for the hours he worked in excess of forty hours per week because he was not compensated for those hours, such allegations have previously been found to be without merit. *See Roop v. Wrecker & Storage of Brevard, Inc.*, No. 6:12-cv-1387-Orl-31TBS, 2013 WL 5929032, at *4 (M.D. Fla. Nov. 1, 2013) (rejecting the plaintiff's contention that a claim for minimum wage violations should be analyzed on an hour-by-hour basis and instead analyzing the claim based on a weekly average). Accordingly, Plaintiff has failed to state a claim for minimum wage violations under the FLSA and the FMWA, and these claims should be dismissed.

Although Plaintiff has failed to state a claim for failure to pay minimum wage under the FLSA and the FMWA, Plaintiff has not failed to state a claim for a failure to pay overtime wages. Overtime is calculated at Plaintiff's regular rate of pay, not from the applicable minimum wage as Defendants appear to suggest. Plaintiff alleges that he regularly worked forty-five to fifty hours a week while he was employed by Defendants and that he was not compensated for overtime hours worked. At this stage of the proceedings, these allegations are sufficient to sustain a claim for unpaid overtime wages. *See Labbe*, 319 Fed App'x at 763 (stating that the elements of an FLSA claim are

straightforward); *see also Ceant*, 874 F. Supp. 2d at 1380 ("At the motion to dismiss stage, the plaintiff need not prove up his damages, as he is not seeking an award of a sum certain at that point in the litigation."); *Dobbins v. Scriptfleet, Inc.*, No. 8:11-cv-1923-T-24-AEP, 2012 WL 601145, at *3 (M.D. Fla. Feb. 23, 2012) (rejecting the defendant's argument that the plaintiff must plead an estimate of the amount of uncompensated hours a plaintiff worked). Therefore Plaintiff's FLSA claim for unpaid overtime wages should not be dismissed for failure to state a claim.[9]

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. 21) is GRANTED in part as discussed herein.

2. Plaintiff's claims for violations of the minimum-wage requirements under the FLSA and the FMWA (Counts I and II) are DISMISSED with prejudice for failure to state a claim.

3. Plaintiff's claim for unpaid overtime wages under the FLSA (Count III) is DISMISSED without prejudice.

4. Within fourteen (14) days of the date of this Order, Plaintiff may file an amended complaint correcting the deficiencies noted above as to his claim for unpaid overtime compensation under the FLSA (Count III). Failure to file an amended complaint within

---

[9]Defendants argue that Plaintiff, as a salaried employee, is only entitled to recover half-pay. (Doc. 21 at 11). However, this contention has no bearing on whether Plaintiff has stated a claim for unpaid overtime wages, rather, it goes to the appropriate amount of Plaintiff's damages.

the time period provided will result in dismissal of Plaintiff's complaint without further notice.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of May, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record